IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY CHAVEZ, Petitioner | § | |
| vs. | § | CIVIL ACTION NO. 4:16-CV-1349 |
| LORIE DAVIS, Respondent | § | |

United States District Court
Southern District of Texas
FILED

APR 25 2017

PRELIMINARY REQUEST FOR EVIDENTIARY HEARING

David J. Bradley, Clerk of Court

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner, HENRY CHAVEZ, respectfully makes this his preliminary request for an evidentiary hearing before this Honorable Court; or, in the alternative, immediately grant the writ of habeas corpus and ORDER the release of Chavez from custody.

## RULE 8 EVIDENTIARY HEARING

In federal habeas corpus proceedings from a state-court conviction, the Court has the authority to order an evidentiary hearing.

Determing Whether to Hold a Hearing:

If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

This rule outlines the procedure to be followed by the court immediately by the court immediately prior to and after the determination of whether to hold an evidentiary hearing.

The provisions are applicable if the petition has not been dismissed at a previous stage in the proceeding [including a summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record].

U.S. Supreme Court Precedent:

If dismissal has not been ordered, the court must determine whether an evidentiary hearing is required. This determination is to be made upon a review of the answer, the transcript and record of state court proceedings, and if there is one, the expanded record. As the U.S. Supreme Court noted in TOWNSEND v. SAM, 372 U.S. 293, 319 (1963):

> Ordinarily [the complete state-court] record— including the transcript of testimony (or if unavailable some adequate substitute, such asd a narrative record), the pleadings, court opinions, and other pertinent documents— is indispensable to determining whether the habeas applicant receivied a full and fair state-court evidentiary hearing resulting in reliable findings.

Subdivision (a) contemplates that all of these materials, if available, will be taken into account. This is especially important in view of the standard set down in TOWNSEND for determining when a hearing in the federal habeas corpus proceeding is mandatory.

The appropriate standard is this:

Where the facts are in dispute, the federal court in habeas corpus <u>must hold</u> an evidentiary hearing <u>if the habeas applicant did not receive a full and fair evidentiary hearing in a state court</u>, either at the time of the trial or in a collateral proceeding.

## EVIDENTIARY HEARING NECESSITATED IN THIS CASE

In the instant case, Chavez was not provided an evidentiary hearing in the state-court proceedings at any stage. Thus, Chavez could not have been said to have had a full and fair hearing at the state-court level.

Additionally, neither the trial court nor the Texas Court of Criminal Appeals made any findings on whether or not the Harris County District Attorney's Office was aware of the withheld exculpatory evidence favorable to Chavez of a police report that shows no shotgun was in the trunk of the vehicle of Complainant while in police custody as alleged, indeed testified to at trial, by Complainant.

Furthermore, just earlier this month, the Harris County Sheriff's Office has acknowledged that they no longer maintain care, custody, or control of photographs taken by Deputy Davis that undisputedly demonstrate that no shotgun was in the trunk and will exonerate Chavez of his illegal and wrongful conviction by the State.

Disputed Issue of Material Fact:

There were no issues of material fact prior to the Respondent's motion for summary judgment wherein it raises a baseless and frivilous claim that the prosecutor from the Harris County District Attorney's Office was not aware of the withheld report. Of course, this claim has no merit in law and should be given no credence by the Court. And, the Court would have, and should have, granted the Petitioner's requested relief.

However, if the Court will provide any credibiity to the baseless calim, then the matter is an issue of material fact that is highly disputed by Chavez as evident from his **verified petition**, and responses to the motion for summary judgment, which are supported by Affidavits and State Government Documents.

Chavez argues that the Respondent is barred from raising this baseless claim because it was not advanced in the state-court proceedings, as well as having no basis in law. But if the Court permits such folly to proceed, then it is under an affirmative duty to hold an evidentiary hering because the matter of the prosecutor's knowledge of the withheld police report is highly disputed by Chavez. Indeed, that is one of the key cornerstones of his claim for relief. Thus an evidentiary hearing is mandated.

## ALTERNATIVE TO AN EVIDENTIARY HEARING

Chavez argues that this Court should not permit Respondent to proffer such foolish pleadings as those presented in her motion for summary judgment. The Court should make the Respondent endure the consequences of its strategic decisions in defense of the State's misconduct.

As such, Chavez humbly requests the Court ORDER the immediate release of Chavez from custody by granting the petition for writ of habeas corpus.

If the judge decides that an evidentiary hearing is neither required nor desirable, he shall make such a disposition of the petition **as justice shall require**. Most habeas petitions are dismissed before the prehearing conference stage (see Director of the Administrative Office of the United States Courts, Annual Report 245-245c (table C4) (1970)) and o fthose not dismissed, the majority raise fatual issues that necessitate an evidentiary hearing. If no hearing is required, most petitions are dismissed, but in unusual cases the court may grant the relief sought without a hearing. This includes immediate release from custody or nullification of a judgment under which the sentence is to be served in the future.

In this case, Chavez argues that this case presents the very rare and unusual case where the Court may, and should, grant the relief sought in his petition without any further hearing or actions of any kind.

## PRAYER

Chavez prays the Court will grant an evidentairy hearing; or, in the alternative, grant the immediate release of Chavez from custody.

Respectfully Submitted,

*[signature]*
Henry Chavez, Petitioner
Polunsky Unit, TDCJ # 1160900
3872 Fm 350 South
Livingston, Texas 77351

## CERTIFICATE OF SERVICE

I, Evelyn Smith, certify that a true and correct copy of the above and foregoing documents have been served on opposing Counsel for Respondnet at the address of record via U.S. Postal Service First Class Mail, postage pre-paid and affixed, on the date noted below.

Signed and Served on April 21, 2017.         *Evelyn Smith [signature]*
                                              Evelyn Smith